IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CR-94-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KEVIN SIMPKINS, | ) | |
| | ) | |
| Defendant. | ) | |

On May 21, 2020, Kevin Simpkins ("Simpkins" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 173]. On April 14, 2021, the government responded in opposition and filed exhibits in support [D.E. 222]. As explained below, the court denies Simpkins's motion.

I.

On December 3, 2018, with a written plea agreement, Simpkins pleaded guilty to conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin (count one) and possession with intent to distribute 100 grams or more of heroin (count two). See [D.E. 107, 108]. On March 4, 2019, the court held Simpkins's sentencing hearing and adopted the facts as set forth in the Presentence Investigation Report ("PSR"). See [D.E. 146, 152, 154]. The court determined Simpkins's total offense level to be 31, his criminal history category to be VI, and his advisory guideline range to be 188 to 235 months' imprisonment. See [D.E. 154] 1. After granting the government's downward departure motion and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Simpkins to 132 months' imprisonment on count one and 132

months' imprisonment on count two, to run concurrently, for a total sentence of 132 months' imprisonment. See [D.E. 153, 154]. Simpkins did not appeal.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another

2

extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

   (I) suffering from a serious physical or medical condition,

   (II) suffering from a serious functional or cognitive impairment, or

   (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

   (C) Family Circumstances.—

   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, 997 F.3d 181, 186 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir. 2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "[section] 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31. Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 997 F.3d at 186; McCoy, 981 F.3d at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d

---

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

On June 3, 2020, Simpkins submitted a compassionate release request to the warden. See [D.E. 222-1]. The government has not invoked section 3582's exhaustion requirement. See [D.E. 222]; United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Accordingly, the court addresses Simpkins's claim on the merits.

Simpkins seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Simpkins cites the COVID-19 pandemic, his age (53), his race, his family history of hypertension, diabetes, and asthma, and his family circumstances. See [D.E. 173] 1, 3, 5, 7, 9; [D.E. 222-1]. Simpkins also cites his rehabilitation efforts, that he has served over 30 months of his sentence, and his release plan. See [D.E. 173] 1, 5, 9.

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although Simpkins states that he has a family history of hypertension, diabetes, and asthma, he has not stated that he has these medical conditions or demonstrated that were he to contract them that they could not be treated while Simpkins serves his sentence. Cf. [D.E. 222-2] (medical records); [D.E. 222-3] (initial health screen). Moreover, although Simpkins's medical records indicate he has a history of smoking, he

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

5

has received both doses of the Pfizer BioNTech vaccine. See [D.E. 222-2] 2; [D.E. 222-4]. Accordingly, reducing Simpkins's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "family circumstances" policy statement, the policy statement requires "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13 cmt. n.1(C). Although Simpkins claims that his mother is 78 years old and "very sick" and that his four children "really need[] [him]," Simpkins has not shown the death or incapacitation of the caregiver of his children.[3] Likewise, Simpkins has not shown the incapacitation of his spouse or registered partner or that Simpkins would be their only available caregiver. Cf. [D.E. 173] 9. Accordingly, reducing Simpkins's sentence is not consistent with application of note 1(C). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Simpkins's family medical history, age, race, family circumstances, rehabilitation efforts, that he has served over 30 months of his sentence, and his release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Simpkins's sentence.

---

[3] Simpkins's 2019 PSR states that his mother is 88 years old and disabled. See PSR ¶ 61. It also states that Simpkins has five children with four women. See id. In 2019, the children were age 26, 24, 23, 15, and 11. See id.

6

See High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Simpkins is 53 years old and engaged in serious criminal conduct from approximately February 2016 to February 2018. See PSR ¶¶ 11–27. Simpkins was a member of a drug trafficking conspiracy smuggling large quantities of heroin from New Jersey to North Carolina. See id. As a member of this conspiracy, Simpkins was accountable for distributing 301.402 grams of heroin. See id. ¶ 27. Simpkins is a recidivist with convictions for narcotic equipment possession, possession of cocaine (two counts), possession of marijuana, drug offense, resisting a public officer, larceny from the person, breaking and entering of a motor vehicle, forgery of an instrument, uttering a forged instrument, possession with intent to sell and deliver cocaine, larceny of chose in action, breaking or entering, possession with intent to sell or deliver marijuana, and possession with intent to sell or deliver schedule I controlled substances (two counts). See id. ¶¶ 32–47. Simpkins also has performed poorly on supervision. See id. ¶¶ 37–39, 43, 45–47. Nonetheless, Simpkins has taken some positive steps while incarcerated on his federal sentence. See [D.E. 173] 9.

The court has considered Simpkins's exposure to COVID-19, his vaccination status, his family medical history, his age, his race, his family circumstances, his rehabilitation efforts, that he has served over 30 months of his federal sentence, and his release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Having considered the entire record, the steps that the BOP has taken to address COVID-19 and to vaccinate Simpkins, the section 3553(a) factors, Simpkins's arguments, the government's persuasive response, and the need to punish Simpkins for his serious criminal behavior, to incapacitate Simpkins, to promote respect for the law, to deter others, and to protect society, the court declines to grant Simpkins's

7

motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); High, 997 F.3d at 187–91; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

As for Simpkins's request for home confinement, Simpkins seeks relief under the CARES Act. See [D.E. 173] 1. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). Thus, the court dismisses Simpkins's request for home confinement.

II.

In sum, the court DENIES Simpkins's motion for compassionate release [D.E. 173], and DISMISSES Simpkins's request for home confinement.

SO ORDERED. This 15 day of June 2021.

JAMES C. DEVER III
United States District Judge

8

Case 7:18-cr-00094-D   Document 226   Filed 06/15/21   Page 8 of 8